**IN THE UNITED STATES DISTRCIT COURT
FOR THE NORTHERN DISTRCT OF ILLINOIS
EASTERN DIVISION**

Evans Robinson, III

        Plaintiff,

  v.

Douglas Meyer,
Anthony Harvey,
P. Marchese, and
The Village of Oak Park/
Village of Oak Park Police Department,

        Defendants.

Case No. 19-cv-00546

Judge Edmond E. Chang

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT INSTANTER**

Plaintiff, EVANS ROBINSON, III by and through his counsel, Spearman Law, LLC moves, this Court for leave pursuant to Fed. R. Civ. P 15(a)(2) to file his second amended complaint instanter. In support thereof, plaintiff states:

1. The complaint in this matter was filed on January 28, 2019. The Plaintiff filed an amended complaint on April 29, 2019. The Defendants in this case have not been served. Thus, the defendants in this case have not yet filed an answer.

2. Since the filing of his first complaint and his amended complaint, Plaintiff has retained legal counsel and accordingly, seeks to amend his complaint through the undersigned counsel.

WHEREFORE, Plaintiff, EVANS ROBINSON, III asks this Court to enter an Order granting him leave of Court pursuant to Fed. R. Civ. P. 15(a)(2) to file his second amended complaint instanter.

Respectfully submitted,

/s/ Kendra D. Spearman
**Kendra D. Spearman** (ARDC No. 6324689)
Spearman Law, LLC
150 S. Wacker Drive, 24th Floor
Chicago, IL 60606
312.788.2602
kendra@spearmanlaw.com

# EXHIBIT A

IN THE UNITED STATES DISTRCIT COURT
FOR THE NORTHERN DISTRCT OF ILLINOIS
EASTERN DIVISION

Evans Robinson, III

        Plaintiff,

    v.

Douglas Meyer,
Anthony Harvey,
P. Marchese, and
The Village of Oak Park,
Village of Oak Park Police Department,

        Defendants.

Case No. 19-cv-00546

JURY DEMAND

## SECONDED AMENDED COMPLAINT

NOW COMES Plaintiff Evans Robinson, III by and through his counsel, Spearman Law, LLC and alleges as follows:

### JURISDICTION AND VENUE

1. This is a civil action arising under 42 U.S.C. 1983. The jurisdiction of this court is conferred by 28 U.S.C. sections 1331, 1343, and 1367. Plaintiff also asserts state law claims of battery and malicious prosecution.

2. Venue is invoked pursuant to 28 U.S.C. section 1391(b) in that a substantial part of the events giving rise to the claim occurred within this district.

## PARTIES

3. Plaintiff, Evans Robinson, III is an African American, male who resides in the Northern District of Illinois.

4. At all times herein, Defendants, Douglas Meyer, Anthony Harvey, and P. Marchese were police officers in the Village of Oak Park acting within the color of law and within the scope of their employment. Plaintiff sues each Defendant in their individual capacity and asserts state law claims against each officer for battery.

5. Defendant, the Village of Oak Park is an Illinois municipal corporation with its principal office in Cook County, Illinois. Plaintiff asserts a state law claim against the Village based on the doctrine of respondent superior for battery. Moreover, Plaintiff joins the Village as the indemnitor on his state law claims pursuant to 745 ILCS 10/9-102. Plaintiff also joins the Village as the indemnitor of the individual officers on Plaintiff's federal claims.

## COUNT I: VIOLATION OF THE FOURTH AMENDMENT/42 U.S. CODE § 1983

6. On May 11, 2018, at approximately 10:00 p.m., Plaintiff was operating a motor vehicle when Defendant, Marchese initiated a traffic stop. Defendant told Plaintiff that he was pulled over for a broken tail light.

7. The Defendant yelled the following at Plaintiff: "If you do not find your license, I am going to rip your f****** (expletive) head off."

8. The Defendant then reached inside of Plaintiff's vehicle and snatched Plaintiff's car keys out of the ignition of the vehicle.

9. The Defendant opened the Plaintiff's car door and demanded that Plaintiff exit the vehicle.

10. Plaintiff complied with the Defendant's request and exited the vehicle.

11. Plaintiff was then ambushed by two to three of the Defendants.

12. Plaintiff placed his hands behind his back and was handcuffed by one of the Defendants.

13. Defendants used excessive and unreasonable force against Plaintiff in violation of his Fourth Amendment Rights.

14. In particular, Defendants Meyers and Harvey struck Plaintiff multiple times with their nightsticks while Plaintiff was handcuffed. Subsequently, Defendant Meyers grabbed Plaintiff, picked Plaintiff up, and slammed Plaintiff (face-first) to the ground.

15. Defendants' use of excessive force caused Plaintiff numerous injuries, including bruised legs, bruised ankles, chipped teeth, and a lacerated mouth.

16. Plaintiff was transported to Rush Oak Park Hospital by ambulance.

17. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against all defendants as compensatory damages, for all bodily harm, emotional harm, pain and suffering, loss of enjoyment of life, and any other injuries inflicted by the Defendants in an amount to be determined by the trier of fact and additionally for an award of punitive damages in an amount to be determined by the trier of fact against Defendants, and attorney's fees.

### COUNT II: VIOLATION OF FOURTH AMENDEMNT: UNREASONABLE SEARCH AND SEIZURE

18. Plaintiff repeats and realleges paragraphs 1-17 and incorporates same by reference as though fully setout herein.

19. The Defendants conducted an illegal search and seizure of Plaintiff in violation of his Fourth Amendment rights.

20. In particular, Defendants handcuffed Plaintiff to a stretcher at Rush Oak Park Hospital and had blood drawn without Plaintiff's consent or a valid warrant.

21. Furthermore, Defendants did not have probable cause to take Plaintiff's blood sample.

22. Finally, the Plaintiff's blood results did not test positive for any illegal substance.

23. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against all defendants as compensatory damages, for all bodily harm, emotional harm, pain and suffering, loss of enjoyment of life, and any other injuries inflicted by the Defendants in an amount to be determined by the trier of fact and additionally for an award of punitive damages in an amount to be determined by the trier of fact against Defendants, and attorney's fees.

### COUNT III: STATE LAW CLAIM OF MALICIOUS PROSECUTION IN VIOLATION OF 735 ILCS 5/13-202

24. Plaintiff repeats and realleges paragraphs 1-23 and incorporates same by reference as though fully setout herein.

25. Plaintiff was arrested on May 11, 2018 and charged with two counts of aggravated battery, two counts of aggravated resisting arrest, a misdemeanor DUI, and failure to provide proof of insurance.

26. The Defendants did not have probable cause to charge Plaintiff with any of the aforementioned crimes and acted without reasonable grounds to believe that the aforementioned crimes had been committed by Plaintiff.

27. The Defendants knowingly and intentionally acted with malice when they falsely charged Plaintiff.

28. The prosecution against Plaintiff was concluded in Plaintiff's favor on May 2, 2019.

29. Plaintiff was incarcerated for approximately one year.

30. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against all defendants as compensatory damages, for all bodily harm, emotional harm, pain and suffering, loss of enjoyment of life, and any other injuries inflicted by the Defendants in an amount to be determined by the trier of fact and additionally for an award of punitive damages in an amount to be determined by the trier of fact against Defendants, and attorney's fees.

Respectfully submitted,

/s/ Kendra D. Spearman
**Kendra D. Spearman** (ARDC No. 6324689)
Spearman Law, LLC
150 S. Wacker Drive, 24th Floor
Chicago, IL 60606
312.788.2602
kendra@spearmanlaw.com